O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-4818 AHM (PLAx) | Date | February 5, 2009 |
|---|---|---|---|
| Title | CLASSIFIED COSMETICS, INC. v. DEL LABORATORIES, INC., *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**      IN CHAMBERS (No Proceedings Held)

    The Court DENIES Plaintiff Classified Cosmetics, Inc.'s motion for reconsideration of the Court's August 13, 2007 Order.[1]  The Court denied the motion of Defendant Del Laboratories, Inc. for summary adjudication on its affirmative defense of inequitable conduct because there was a genuine issue as to whether the inventors behind the '541 patent had the requisite intent to deceive.  Now, relying on the Federal Circuit's recent opinion in *Star Scientific v. R.J. Reynolds Tobacco Co.*, 537 F.3d 1357 (Fed. Cir. 2008), Classified asks the Court to *sua sponte* grant summary adjudication in its favor.  Under *Star Scientific*, it argues, Del will not be able to meet its ultimate burden of proof on two elements of the defense, intent and materiality.

    Classified's motion fails to satisfy Local Rule 7-18, because *Star Scientific* did not change the law.  *Star Scientific* reaffirmed that materiality of the information omitted from a patent application and intent to deceive the patent office are separate requirements and that each must be demonstrated by clear and convincing evidence.  537 F.3d at 1365.  In doing so, the Federal Circuit explicitly relied on previous Federal Circuit cases, some of which this Court also cited in its August 13, 2007 Order.  *See Star Scientific*, 537 F.3d at 1365-67; August 13, 2007 Order at 14.  The Federal Circuit also relied on previous case law when it articulated that the clear and convincing standard requires that inequitable conduct be the "single most reasonable inference" from the evidence.  *Id.* at 1366.  Indeed, Plaintiff has not pointed to any specific articulation of law in *Star Scientific* that is actually new or different.  Therefore, and for the reasons stated in Defendant's Opposition at pages 4-6, *Star Scientific* did not make any material changes in

---

[1]Docket No. 607.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-4818 AHM (PLAx) | Date | February 5, 2009 |
|---|---|---|---|
| Title | CLASSIFIED COSMETICS, INC. v. DEL LABORATORIES, INC., *et al.* | | |

the evidentiary burdens and substantive standards governing this Court's summary judgment ruling on inequitable conduct.

 The fact that a practitioner's case commentary, cited by Plaintiff in its reply, characterizes *Star Scientific* as having "clarified and set more difficult requirements" does not signal a material change in the decisional law for determining whether there is a genuine triable issue of fact on any of the required elements for inequitable conduct. *Star Scientific* did emphatically direct district courts to "strictly enforce the burden of proof and elevated standard of proof in the equitable conduct context." 537 F.3d at 1365. The party with the burden of proof at trial, the accused infringer (here, Del), must establish "a threshold level of intent to deceive or materiality" by clear and convincing evidence. *Id.* at 1367. If it does not meet that burden, "the district court does not have any discretion to exercise and cannot hold the patent unenforceable regardless of the relative equities or how it might balance them." *Id.* Regardless of whether this holding of *Star Scientific* could be characterized as a tightening of existing standards, it is directed at the district court's role in applying the *ultimate* burden of proof at trial, not at the burdens on summary judgment. *See* 537 F.3d at 1364-65 (reviewing the district court's inequitable conduct determination after the court held a bench trial on the defense). Classified has merely repeated the same arguments, based on the same evidence, that it made in opposing summary adjudication previously. Hence, the Court sees no reason to reconsider its conclusion about whether there are triable issues of fact as to intent to deceive.

 Although Classified calls this a motion for reconsideration, seeking a "*sua sponte*" judgment in its favor, Classified is not actually challenging the Court's previous ruling that Del did not establish intent by clear and convincing evidence. Its real posture is that of a plaintiff moving for summary adjudication on inequitable conduct. Assuming Classified were entitled to make such a motion at this late stage, Del would only have to demonstrate that there exists a genuine disputed issue of fact and would be entitled to all reasonable inferences in its favor. To be entitled to present the defense to the trier of fact, Del would not have to demonstrate to the Court that it can meet the clear and convincing evidence burden, as Classified would require it to.

 Finally, Classified argues that it is appropriate for the Court to grant summary adjudication in its favor because, in any event, inequitable conduct is a matter for the

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 03-4818 AHM (PLAx) | Date | February 5, 2009 |
|---|---|---|---|
| Title | CLASSIFIED COSMETICS, INC. v. DEL LABORATORIES, INC., *et al.* | | |

court, not a jury. Not so. Although there is no constitutional right to a jury trial on inequitable conduct, *see AGFA Corp. v. Creo Prods. Inc.*, 451 F.3d 1366, 1375 (Fed. Cir. 2006), the fact that the Court may be required to resolve a disputed fact at trial does not mean it should resolve it on summary judgment. *See In re Metoprolol Succinate Patent Litigation*, 494 F.3d 1011, 1020 (Fed. Cir. 2007) ("a disputed finding of intent to mislead or to deceive is one for the judge to resolve, not the jury, *albeit not on summary judgment if there is a genuine dispute*") (emphasis in original) (internal quotations and citation omitted).

No hearing is necessary. Fed. R. Civ. P. 78; L. R. 7-15.

|  | : |  |
|---|---|---|
| Initials of Preparer | | SMO |